MAYBERRY, POLLARD & CO. *vs.* BAINTON & BANCROFT.

After appearance *generally* in a case against partners, and pleading to a declaration against both, the court would not permit the appearance to be restricted to one defendant, though but one was taken.

One partner cannot bind the firm by a guarantee of the debt of a third person, without the express assent or ratification of the others.

In case of a guarantee, the guarantor is entitled to notice of the default of his principal, unless the principal be shown to have been insolvent.

CASE on a guarantee. Narr. Pleas, non-assumpsit; payment; set-off, and the act of limitations.

Bancroft only was taken, but Mr. Wales marked his appearance generally. Plaintiff declared against both as partners, and Mr. Wales pleaded to the declaration. He now asked to restrict his appearance to Bancroft alone, and so to mark it on the record.

*Bayard.*—If the appearance was but for one of the defendants, it ought so to have been specified, and I would have declared against him alone, stating that the other was not taken. But it can make no difference in this case: 1 cannot recover but on proof of a partnership and a joint contract.

*Wales.*—Bainton could not appear without giving special bail. The entry of appearance was then necessarily restricted to the party who was taken, and had put in bail to the action.

*Bayard.*—I had the right to accept the appearance without bail, and the declaring against both was such acceptance. The pleading to the narr against both the defendants was an unequivocal appearance for both.

- *The Court* refused to alter the record.

The action was on the following guarantee in writing:

*Wilmington, May* 29, 1834.

Messrs. Maberry, Pollard, & Co.

Gentlemen.—We do not wish to accept Mr. Ross' draft on us, but we hereby engage to see you paid in due course, for the bill of goods bought by Mr. Ross from you on the 27th instant, for the sum of about $624 00 (six hundred and twenty-four dollars.) If you wish to let Mr. Ross have the goods on the above security given by us, you may please write him by mail to Baltimore, and forward the goods on. You need not reply to this to us here.

Very respectfully.

BAINTON & BANCROFT.

Plaintiffs proved that the defendants were in partnership as tallow chandlers, in the city of Wilmington. That having sold a bill of goods

amounting to $625 00 to Ross, they refused to deliver them without security. He referred them to Bainton and Bancroft, and forwarded a draft for acceptance by them. Bainton and Bancroft refused to accept the draft, but sent the guarantee on which this action is founded. Plaintiffs delivered the goods to Ross on the faith of this guarantee, and on his note, which was protested at maturity, for non-payment. Ross is now insolvent.

On the part of the defendants it was proved, that the only connexion in business between Bainton and Bancroft, was in the making and vending of soap and candles; that Bainton alone gave the guarantee; that Bancroft was from home at the time, and had previously refused, when applied to by Maberry, to guaranty this debt. Bainton is insolvent.

*Bayard.*—After a guarantee by one partner, is it competent to the other to deny his knowledge of the transaction, and thus shield himself from the responsibility? Suppose he was ignorant of it, who ought to suffer—innocent persons, or he who by associating himself with the other as a partner gives him credit? The question is, whether a partner is bound by the guarantee of his co-partner in the name of the firm; and is a person taking such guarantee bound to prove the assent of all the partners? I take the law to be, that such a guarantee binds all the partners, unless the dissent of some be proved, and the knowledge of such dissents brought home to the party taking such guaranty. *Fell on mercantile guaranties* 119. One partner may bind the firm by his separate guarantee, unless there be fraud, &c. *Chitty on Bills* 29, note; 15 *Vezey* 286; 1 *East Rep.* 53; *Hope* vs. *Cust,* cited from MS. by Lawrence J; 16 *Com. L. Rep.* 185. The doctrine of Lord Ellenborough in *Campbell,* is laid down too broadly; it is a nisi prius decision, and not sanctioned by subsequent authorities.

I dont doubt, that where there is a dealing with one partner, and articles sold to him for his own use, and not in the line of the partnership business, a note given in the partnership name would not bind the firm, without the express assent of the other partners; but it must be otherwise, on the guarantee by one member of a firm of the debt of a third person, which so often becomes necessary in the course of mercantile business.

*Wales.*—If the act of a partner concerns the partnership business, or is in the course of their trade, it shall bind all, unless the previous dissent of the others be proved; but, one partner cannot bind the others in any transaction, known at the time not to be in the course of the partnership business, without the previous assent or subsequent ratification of the others. *Fell on guaranties* 118; 4 *Johns. Rep.* 251.

Thus, one partner cannot bind the firm by giving a guarantee of his separate debt. And the assent of the others must be proved. 3 *Camp.* 478; 2 *Esp. Rep.* 524, *Arden* vs. *Sharp.* These defendants were in partnership, exclusively in the tallow chandler's business. The guarantying of Mr. Ross' notes, or of the debts of any third person, is certainly not a part of that business, not common in any mercantile business, nor is it reasonable that any partner should have the power to charge his co-partners in such a transaction, without their knowledge. No assent of Bancroft's is proved here; on the contrary, his dissent is proved. But again; if the defendants were originally liable on this guarantee, they have been released. No notice was given to them of the protest of Ross' note, and non-payment by him which they were entitled to have. 2 *Taunton Rep.* 206; *Phillips* vs. *Astling*; *Chitty on Bills* 204; 2 *Stark. Ev.* 649-50; 1 *Law Library* 29, 174, &c.

*By the Court.* Each partner has the power to charge the firm in all transactions within the scope and in the course of their business. This results from their partnership relation and the necessities of trade; for it is but reasonable, that the confidence reposed in each other as partners, should be followed by mutual responsibilities for each other in all matters relating to their trade or business, and in which the public, when trading with them, rest on the common security of the firm. Thus one partner may bind the firm by drawing, accepting or indorsing bills or notes in the course of their business; for these are transactions common to almost every business or trade, and necessary to carry it on. But the guarantying the debts of others is not a necessary or common partnership transaction; it is altogether out of the course of the defendants business in this case, and must have been known to be so by the plaintiffs when they accepted from Bainton a guarantee on behalf of the firm. In a transaction out of the scope of their business, and known to be so by the plaintiffs, is it not more reasonable that the other members of a firm should be bound by the act of one partner beyond his authority, without their knowledge or consent, or that the person guaranteed should be bound to see that the guarantee was known and assented to by all the partners who are to be bound by it? We apprehend the law to be now settled, that one partner cannot charge the firm by his guarantee of the debt of a third person without the assent of the others; but this assent may be shown as well by subsequent ratification as by previous command, or may be inferred from the conduct of the party, previous transactions of the same nature, or other circumstances tending to show a knowledge of, and acquiescence in, the transaction.

2d. As to the evidence of dissent, it is for the jury. It seems that

Bainton and Bancroft refused to endorse Ross' note ; and there is some evidence of Bancroft's telling Maberry that he would not guarantee ; but this conversation appears to have happened at a distance from their respective homes, and in the mean time Bainton forwarded to Pollard the guarantee in question.

3d. As to the notice : supposing that the guarantee bound all the partners, what was its nature. It was not an original undertaking to pay the debt of Ross, but only to see that Ross paid. In an undertaking of this character, the guarantor is entitled to prompt information of the default of his principal, in order that he may secure himself by withholding funds or otherwise providing against loss. Notice, therefore, of the non-payment by Ross of this note at maturity, and of its protest, should have been given to the defendants, and the failure to give such notice would remove their liability. If, however, the jury are satisfied from the evidence that Ross was insolvent, such notice would not be necessary, for in such case it could not be of any advantage to the defendants.

The plaintiffs took a nonsuit.

*J. A. Bayard* for plaintiffs.
*Wales* for defendants.